IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

EL PODER DEL CONSUMIDOR,

    Petitioner,

    v.

THE COCA-COLA COMPANY,

    Respondent.

CIVIL ACTION FILE
NO. 1:24-CV-3665-TWT-RDC

## ORDER

Petitioner El Poder Del Consumidor, a Mexican consumer-rights organization, seeks this Court's assistance under 28 U.S.C. § 1782 to obtain discovery from Respondent The Coca-Cola Company. Coca-Cola has moved to dismiss the petition. It is before the Court on the Report and Recommendation [Doc. 19] of the Magistrate Judge recommending that the petition be dismissed without prejudice and that Coca-Cola's Motion to Dismiss [Doc. 12] be granted. The Petitioner objects to the Report and Recommendation.

The parties disagree as to the standard of review. The Petitioner argues that the Report and Recommendation is a dispositive resolution of the matter and that the standard of review is "de novo" under Rule 72(b)(3). The Respondent argues that the Report and Recommendation is a non-dispositive order under Rule 72(a) and that the "clearly erroneous" standard of review applies. The weight of authority seems to be that the disposition of an action under 28 U. S. C. § 1782 is governed by the clearly erroneous standard of Rule

72(a). However, the Magistrate Judge in her Order for Service indicates that the Report and Recommendation was issued pursuant to Rule 72(b). Therefore, the Court will apply the de novo standard of review of Rule 72(b)(3).

According to Petitioner, Mexico is currently experiencing a public-health crisis "fueled by the consumption of astonishing amounts of sweetened beverages." (Pet., at 2). To induce an official response to the crisis, on June 28, 2024, Petitioner filed an administrative complaint with the Mexican Federal Commission for Protection Against Health Risks (Comisión Federal Para La Protección Contra Riesgos Sanitarios, or "COFEPRIS"). In its administrative complaint, Petitioner alleges that sweetened beverages are addictive, that their consumption poses significant public-health risks, and that the beverage industry—with Coca-Cola being the principal culprit—has intentionally disinformed the Mexican public about those risks. Petitioner has named 23 Mexican companies in the complaint, which it describes as "a non-exhaustive list of the main companies producing or bottling [sweetened beverages], . . . includ[ing] those that relate or belong to the Mexican Coca-Cola industry." (Pet'r's Admin. Health Compl., [Doc. 1-1], ¶ 7). As for relief, Petitioner has requested that COFEPRIS take the following actions: (1) issue a public-health alert addressing the risks associated with sweetened beverages; (2) investigate the ingredients that Coca-Cola uses in its sweetened beverages sold in Mexico; and (3) investigate potential legal violations by Coca-Cola (e.g., intentional disinformation) and "impose the corresponding sanctions." (*Id.* at 62).

On July 10, 2024, just twelve days after filing its administrative complaint, Petitioner filed its § 1782 application with this Court. It seeks assistance in obtaining certain discovery which it believes is "essential to the full and fair adjudication of the Mexican proceeding." (Pet. at 25). Specifically, Petitioner wants Coca-Cola to produce documents as to the company's knowledge of the health risks associated with sweetened beverages, along with records related to scientific research and public messaging it conducted regarding such risks. Notably, Petitioner is looking for responsive documents that relate not only to Coca-Cola itself, but to "any company directly or indirectly controlled or owned by, or under common ownership or control with, Coca-Cola," as well as several Mexican bottling companies named in Petitioner's administrative complaint. (Pet'r's Reqs. for Produc., [Doc. 1-2], at 4). Petitioner also wants Coca-Cola to produce a Rule 30(b)(6) witness to testify about these same matters.

There are two sets of criteria, one statutory and one discretionary, that must be examined before a district court can grant an application under § 1782. First, the statutory elements—these are required: (1) the application must be made "by a foreign or international tribunal," or by "any interested person"; (2) the application must seek evidence, whether it be the "testimony or statement" of a person or the production of "a document or other thing"; (3) the evidence must be "for use in a proceeding in a foreign or international tribunal"; and (4) the person or entity from whom discovery is sought must

reside or be found in the district of the district court ruling on the application. *In re Clerici*, 481 F.3d 1324, 1331-32 (11th Cir. 2007). If these elements are met, then the district court has authority to assist. *Id.* In its Response to the Petitioner's Objections to the Report and Recommendation, Coca-Cola appears to have abandoned its claim that one or more of the statutory elements have not been met.

Even if the district court has authority to grant an application, however, it is not required to do so. The matter is discretionary. *Id.* at 1332. To guide the exercise of that discretion, the Supreme Court has set out the following four factors to consider: (1) whether the discovery target is a participant in the foreign proceeding; (2) whether the foreign tribunal would be receptive to U.S. federal-court assistance; (3) whether the application is an attempt to circumvent foreign proof-gathering restrictions or other policies; and (4) whether the discovery request is otherwise unduly intrusive or burdensome. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264-66 (2004).

The Magistrate Judge correctly applied the third *Intel* factor in finding that Petitioner's discovery requests evince an attempt to circumvent COFEPRIS's investigative autonomy. Petitioner misstates Mexican law by claiming that COFEPRIS has no ability to seek evidence within Coca-Cola's exclusive possession in Mexico. Contrary to Petitioner's misunderstanding, Mexican law (including in conjunction with the United States Mexico-Canada

Agreement), empowers COFEPRIS to request documents from any regulated entity if their products or their formulation are distributed and sold in Mexico. The Magistrate Judge also correctly applied the fourth *Intel* factor in finding that Petitioner's discovery requests were unduly broad and burdensome, given the unknown scope of any COFEPRIS investigation. These factors weigh heavily against granting the relief requested.

The Court approves and adopts the Report and Recommendation [Doc. 19] as the judgment of the Court. The Petition for an Order Granting Leave to Take Discovery from The Coca-Cola Company [Doc. 1] is DENIED without prejudice. The Respondent's Motion to Dismiss [Doc. 12] is GRANTED.

SO ORDERED, this ___19th___ day of February, 2025.

THOMAS W. THRASH, JR.
United States District Judge